**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0764n.06

**No. 12-5558**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Aug 16, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICHARD JONES, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| CITY OF MEMPHIS, Tennessee; Jill Madajczyk, | ) | District of Tennessee |
| Senior Assistant City Attorney for Memphis, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:        BOGGS, ROGERS, and STRANCH, Circuit Judges.

BOGGS, Circuit Judge.  As with a number of other states, Tennessee has adopted a Freedom of Information Act that grants access rights only to state citizens.  Tenn. Code Ann. § 10-7-503 (2012).  Richard Jones, a native of Ohio and representative of the National Action Network, brought suit against the City of Memphis after officials denied his request for a copy of a winning public-contract proposal as part of his advocacy for the civil-rights group.  He claimed that the citizens-only restriction violates the Privileges and Immunities Clause.  *See* U.S. Const. art. IV, § 2, cl. 1.  The district court granted summary judgment against him, *Jones v. City of Memphis*, 868 F. Supp. 2d 710 (W.D. Tenn. 2012), and Jones appealed to this court.

During the pendency of this appeal, the Supreme Court granted a writ of certiorari in *McBurney v. Young*, 133 S. Ct. 421 (2012), a suit challenging Virginia's citizens-only FOIA

provision. Because *McBurney* involved a question substantially similar to Jones's, we stayed this matter pending the outcome of that case. The Court recently rendered its decision in *McBurney*, upholding the Virginia statute by a unanimous vote. 133 S. Ct. 1709 (2013).

Jones's challenge to the Tennessee statute relies on two distinct theories. He first claims that the statute abridges his fundamental right to "employment on government contracts in another state." Appellant's Br. 15. Assuming *arguendo* that such a right is in fact protected by the Privileges and Immunities Clause,[1] the Court rejected a near-identical argument in *McBurney*. The petitioner claimed that Virginia's citizens-only FOIA restriction inhibited the rights of noncitizens to "ply their trade, practice their occupation, or pursue a common calling." *Hicklin v. Orbeck*, 437 U.S. 518, 524 (1978). Though the Court agreed that the law burdened the petitioner's ability to earn a living in his chosen profession, Virginia did not enact the law for the protectionist purpose of burdening out-of-state citizens. *McBurney*, 133 S. Ct. at 1715. Rather, the Court reasoned, the Commonwealth adopted the provision to allow state citizens to "obtain an accounting from the public officials to whom they delegate the exercise of that power" and to ensure that the benefits of public record keeping are realized by those who pay the fixed costs of creating and maintaining those records

---

[1]This assumption is highly dubious. *Compare Hicklin v. Orbeck*, 437 U.S. 518, 529 (1978) (holding that state ownership of natural resources cannot justify "requiring private employers [contracted to extract the resources] to discriminate against nonresidents"), *with United Bldg. & Constr. Trades Council of Camden Cnty. v. Mayor and Council of City of Camden*, 465 U.S. 208, 219 (1984) ("Public employment, however, is qualitatively different from employment in the private sector . . . ."); *see also Salem Blue Collar Workers Ass'n v. City of Salem*, 33 F.3d 265, 270 (3d Cir. 1994) ("[W]e hold that direct public employment is not a privilege or fundamental right protected by the Privileges and Immunities Clause of Article Four.").

without having to incur additional expenses from free riders. *Id.* at 1716. The same reasoning applies here, and *McBurney* is thus dispositive of Jones's first argument.

Next, Jones claims that the FOIA restriction violates his fundamental right to "engage in the political process with regard to matters of national political and economic importance," citing the Third Circuit's now-abrogated opinion in *Lee v. Minner*, 458 F.3d 194, 198 (3d Cir. 2006). The Court did not directly address this novel right created by the Third Circuit. Nonetheless, Jones's argument is doomed under the reasoning of *McBurney*. He would have us strike the FOIA restriction because the right to engage in the political process has "at all times, been enjoyed by the citizens of the several states which compose this Union, from the time of their becoming free, independent, and sovereign." *Corfield v. Coryell*, 6 F. Cas. 546, 551 (C.C.E.D. Pa. 1823) (No. 3,230). However, Jones does not, and cannot, contend that the FOIA restriction prohibits him from actually engaging in the political process. To be sure, his rights to petition, protest, demonstrate, and advocate—the rights most fundamental to political discourse—are amply protected by the First Amendment. The fact that Tennessee has placed administrative limits on access to public records in no way impinges on those rights. *See McBurney*, 133 S. Ct. at 1718.

What Jones ultimately seeks is the unfettered right to access any public document that may relate to his civil-rights advocacy with the National Action Network. The *McBurney* Court did address this argument: such a broad right does not fall within the scope of the Privileges and Immunities Clause because Founding-era common law did not recognize this right, and it cannot be said that unrestricted access to public documents is basic to the maintenance or well-being of the union. *Id.* at 1718–19. We therefore reject Jones's argument.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

**STRANCH, Circuit Judge, concurring in the judgment.**

I agree that the recent decision in *McBurney v. Young*, 133 S. Ct. 1709 (2013), forecloses relief for the Plaintiff in this case. I write separately only to note that I do not read *McBurney* as necessarily foreclosing the application of the Privileges and Immunities Clause to each and every right of access to public information.

There is merit to the argument that access to public information in certain cases may be protected by the Privileges and Immunities Clause. *Lee v. Minner*, 458 F.3d 194 (3d Cir. 2006), explains why and includes arguments that I think may survive *McBurney*. Political advocacy is an "'essential activity' which 'bear[s] upon the vitality of the Nation as a single entity.'" *Minner*, 458 F.3d at 200 (quoting *Baldwin v. Fish & Game Comm'n of Mont.*, 436 U.S. 371, 387 (1978)). And a minimal level of "access to public records is necessary to the ability to engage in that activity." *Id.* Jones may not have a constitutional right to unfettered access to information, *McBurney*, 133 S. Ct. at 1718; but only the most cramped reading of the Privileges and Immunities Clause would limit its reach to rights already guaranteed by some other part of the Constitution. If that were the case, the Clause would be irrelevant.

In *McBurney*, the Court noted that the right of "access to public information . . . *framed broadly*—is not protected" by the Clause. *Id.* at 1715 (emphasis added). And the Court added that the plaintiffs in *McBurney* had not contended that national unity suffered as a result of the citizens-only FOIA provisions at issue. *Id.* at 1719. Presumably, then, a more narrowly framed right of access to public information might be protected, if supported by specific evidence of harm to "the maintenance or well-being of the Union." *Id.* (quoting *Baldwin*, 436 U.S. at 387). Here, because

Jones did not articulate such a right, nor support his argument with specific evidence, I am constrained to concur in the majority's decision.